**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

CHEOL HEE LEE and SEBASTIAN PARK,
individually and on behalf of
all others similarly situated,

                Plaintiffs,

    v.

COUPANG, INC. and BOM KIM,

                Defendants.

-------------------------------------------------------------X

Case No.: _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, Cheol Hee Lee and Sebastian Park ("Plaintiffs"), individually and on behalf of the Class (defined below) of similarly situated persons, allege the following against Defendants Coupang, Inc. ("Coupang") and Bom Kim ("Kim," and collectively with Coupang, "Defendants"), based upon personal knowledge with respect to himself and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

## NATURE OF THE ACTION

1.     This action seeks redress for Coupang's failure to secure and safeguard its customers' personal identifying information, including but not limited to names, phone numbers, mailing addresses, email addresses, and order histories.

2.     As alleged herein, Coupang's failure to implement or maintain adequate data security measures of customer information, including Personal Information (as defined below), directly and proximately caused injuries to Plaintiffs and the Class.

3.     On November 18, 2025, Coupang became aware that its South Korean subsidiary, Coupang Corp., suffered a material cybersecurity incident. A further investigation revealed that a

former Coupang employee had stolen a security key while employed by Coupang and for over a month had conducted an undetected breach of Coupang's internal systems with the intent to expose sensitive information about tens of millions of Coupang customers (the "Data Breach"). The former employee accessed 33.7 million accounts and retained information from thousands of accounts such as names, phone numbers, delivery addresses, email addresses, order histories, and 2,609 building access codes (collectively, "Personal Information"). The Data Breach is widely recognized to be the most damaging data breach in South Korean history.

4.    On December 16, 2025, Coupang retrieved some of the devices used in the Data Breach by the former employee. On December 18, 2025, Coupang retrieved an additional device used by the former employee in the Data Breach.

5.    The Data Breach was caused and enabled by Coupang's knowing violation of its obligations to abide by best practices and industry standards in protecting customers' Personal Information. Coupang's failure to comply with security standards allowed its customers' Personal Information to be compromised.

6.    The Data Breach was the inevitable result of Coupang's inadequate data security measures and cavalier approach to data security. Defendant Kim exercised actual control over the data security system.

7.    As a direct and proximate cause of Coupang's negligence, a massive amount of information was obtained from Coupang over an extended period of time. Coupang's Data Breach compromised the Personal Information of millions of Coupang customers and users. Victims of the Data Breach have had their Personal Information compromised and their privacy rights violated. Such victims have also been exposed to the increased risk of fraud and identity theft, lost control over their personal information, and otherwise been injured.

2

8.      Moreover, Plaintiffs and Class Members have been forced to spend significant time associated with, among other things, detecting and expending effort to close out and open new credit or debit card accounts; obtaining fraud monitoring services; losing access to cash flow and credit lines; monitoring credit reports and accounts; or other losses.

9.      Coupang has failed to provide meaningful assistance to consumers to help deal with the fraud that has and will continue to result from the Data Breach. Coupang has failed to offer or provide any monitoring service or fraud insurance.

10.      Plaintiffs retain a significant interest in ensuring that his Personal Information is protected from further breaches, and seeks to remedy the harms they have suffered on behalf of themselves and similarly situated consumers whose Personal Information was disclosed as a result of Coupang's Data Breach. Plaintiffs assert claims against Coupang for violation of state consumer protection statutes, state data breach statutes, negligence, breach of implied contract, and unjust enrichment. Plaintiffs, on behalf of themselves and similarly situated consumers, seek to recover damages, including actual and statutory damages, and equitable relief, including declaratory and injunctive relief to prevent a recurrence of a similar data breach and resulting injury, restitution, disgorgement, and reasonable attorneys' fees.

11.      Plaintiffs hereby demand a jury trial of the factual issues alleged.

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different from Coupang.

13.    This Court also has supplemental jurisdiction over the state law claims in accordance with 28 U.S.C. § 1367.

14.    This Court has personal jurisdiction over Coupang because it has sufficient minimum contacts with the State of New York and intentionally avails itself of the consumers and markets within the state through the promotion, marketing, and sale of its products and services.

15.    The Court has personal jurisdiction over Defendant Kim because he has sufficient minimum contacts with the State of New York and intentionally avails himself of the consumers and markets within the state through the promotion, marketing, and sale of his products and services.

16.    Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because, among other things, Defendants conduct substantial business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this District, including Defendants' targeting of consumers in this District, collection and processing of their personal information, issuance of breach-related communications, and the occurrence of Plaintiffs' injuries in this District.

## PARTIES

17.    Plaintiff Cheol Hee Lee is a citizen of and domiciled in the State of New York.

18.    Plaintiff Cheol Hee Lee is a frequent user of Defendant Coupang's e-commerce platform in both the United States and South Korea. In the course of using Defendants' services, Mr. Lee provided and stored highly sensitive Personal Information on Coupang's systems, including his full name, phone number, New York residence address, email address, and registered payment methods. Most significantly, Mr. Lee stored his Personal Customs Clearance Code—a unique, government-issued identification required by South Korean authorities for international transactions—within his Coupang account.

4

19.     On or about December 3, 2025, Mr. Lee received a formal communication from Coupang's non-reply address confirming that his Personal Information, including his name, email, and shipping address, was compromised during the Data Breach. As a direct and proximate result of Defendants' failure to safeguard his data, Mr. Lee has suffered a concrete and particularized injury, including a substantial and imminent risk of identity theft and financial fraud. This risk is heightened by the exfiltration of his Customs Clearance Code, which is a sensitive identifier similar to a National ID. Consequently, Mr. Lee has been forced to expend significant time and effort in monitoring his financial accounts and identity profiles to mitigate the threat of future harm.

20.     Plaintiff Sebastian Park is a citizen of the United States currently domiciled in the Republic of Korea. In the course of using Defendants' services, Mr. Park provided and stored within his Coupang account highly sensitive Personal Information on Coupang's systems, including his full name, phone number, residence addresses, email address, passport information, and resident registration number.

21.     On or about December 9, 2025, Mr. Park received a communication from Coupang's confirming that his Personal Information was compromised during the Data Breach. As a direct and proximate result of Defendants' failure to safeguard his data, Mr. Park has suffered a concrete and particularized injury, including a substantial and imminent risk of identity theft and financial fraud. Consequently, Mr. Park has been forced to expend significant time and effort in monitoring his financial accounts and identity profiles to mitigate the threat of future harm.

22.     Defendant Coupang is incorporated under the laws of Delaware, with its principal executive offices located in Seattle, Washington. Coupang's common stock trades on the New York

Stock Exchange (the "NYSE") under the ticker symbol "CPNG." a citizen of the State of Delaware and the State of Washington.

23.     Defendant Kim is the Founder of Coupang and served as Coupang's CEO at all relevant times.

## SUBSTANTIVE ALLEGATIONS

24.     Coupang purports to be a technology and commerce company that offers online retail, restaurant delivery, video streaming services, and other services. Coupang operates through its Product Commerce and Developing Offerings business segments. The Product Commerce segment is the primary revenue driver of Coupang, accounting for about 88% of Coupang's total revenue in 2024.

25.     Coupang Corp. is a wholly-owned subsidiary of Coupang. The latter exercised complete domination and control over the former with respect to the circumstances at issue in this action. Furthermore, such domination and control was used to commit the wrong suffered by Plaintiffs and members of the Class. Moreover, Coupang Corp. was acting as the agent of its parent corporation, Coupang. Defendants exercised complete control over the data security systems, the failure of which gave rise to the claims alleged herein.

26.     Coupang's e-commerce platform and other services rely on collecting, storing, and transmitting data about customers, merchants, and suppliers, including personal and sensitive information. Therefore, effective cybersecurity measures are integral to Coupang's business.

27.     At all relevant times, Coupang consistently represented to its consumers, potential consumers, and the public at large that it had an understanding of, and placed sufficient importance on, effective cybersecurity practices.

28.     Despite their assurances, Coupang failed to adequately protect Plaintiffs' and class members (as defined below) Personal Information.

29.     On November 29, 2025, Coupang issued a press release disclosing that on November 18, 2025, it "became aware of unauthorized personal data access involving about 4,500 customer accounts." The press release also disclosed that a "[s]ubsequent investigation has revealed that the extent of customer account exposure is about 33.7 million accounts," while asserting that the compromised data was purportedly "limited to name, email address, phone number, shipping address, and certain order histories and does not include any payment details, credit card numbers, or login credentials, which remain securely protected. The press release also explained, "According to the investigation so far, it is believed that unauthorized access to personal information began on June 24, 2025, via overseas servers." Subsequent news outlets reported that the extent of the Data Brach affected the entirety of Coupang's user base. It was determined that a former Coupang employee had exploited a cybersecurity system weakness. Defendants' failure to protect the Personal Information of its customers demonstrated a serious failure of management.

30.     Defendant Kim and individuals under his control within the United States made core decisions regarding security budgeting, policy formation, and incident response protocols, the failure of which led to the subject Data Breach and injuries of Plaintiffs and the Class. Defendant Kim exercised final authority over corporate operations, including but not limited to the allocation and execution of budgets and personnel responsible for information security. Defendant Kim and those under his control recklessly disregarded known security risks or allowed such risks to exist and to threaten customer's data due to their gross negligence.

**CLASS ALLEGATIONS**

31.    Plaintiffs brings this action on their own behalf, and on behalf of the following Class pursuant to FRCP 23:

**Nationwide Class**

All residents of the United States whose Personal Information was compromised as a result of the data breach first disclosed by Coupang in November 2025.

**Subclass**

All individuals residing or domiciled in the Republic of Korea whose Personal Information was compromised as a result of the data breach first disclosed by Coupang in November 2025.

32.    The above class and subclass are referred to as the "Class." Excluded from the Class are Coupang, its affiliates, officers, directors, assigns, successors, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the definition of the Class based on discovery and further investigation.

33.    **Numerosity**: While the precise number of Class members has not yet been determined, members of the Class are so numerous that their individual joinder is impracticable, as the proposed Class appears to be over 33 million members who are geographically dispersed. Upon information and belief, the Data Breach affected people across the United States and the Republic of Korea.

34.    **Typicality**: Plaintiff Lee's claims are typical of the claims of the Class. Plaintiff Park's claims are typical of the claims of the above-defined subclass. Plaintiffs and all members of the Class were injured through Defendants' misconduct. The same events and conduct that gave rise to Plaintiffs' claims are identical to those that give rise to the claims of every other Class

member because Plaintiffs and each member of the Class had their data and Personal Information compromised in the same way by the same conduct by Defendants.

35.    **Adequacy**: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class that each seeks to represent; Plaintiffs have retained counsel competent in class action litigation; and Plaintiffs and their counsel intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

36.    **Superiority**: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiffs and the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult if not impossible for members of the Class individually to effectively redress Coupang's wrongdoing. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class-action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37.    **Existence and Predominance of Common Questions of Law and Fact**: Common questions of law and fact exist as to Plaintiffs and all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

- whether Defendants engaged in the wrongful conduct alleged herein;

- whether Defendants owed a duty to Plaintiffs and members of the Class to adequately protect their Personal Information and to provide timely and accurate notice of the breach to Plaintiffs and the Class, and whether it breached these duties;

- whether Defendants violated federal and state laws—including but not limited to state and federal consumer protection laws and data privacy laws, e.g., Section 5 of the FTC Act, 15 U.S.C. § 45 and N.Y. Gen. Bus. Law § 349(a)—thereby breaching its duties to Plaintiffs and the Class;

- whether Defendants knew or should have known that its computer and network systems were vulnerable to attack;

- whether Defendants' conduct, including their failure to act, resulted in or was the proximate cause of the Data Breach of its computer and network systems resulting in the loss of consumers' Personal Information;

- whether Defendants wrongfully failed to inform Plaintiffs and members of the Class that it did not maintain security procedures sufficient to reasonably safeguard highly-sensitive personal data;

- whether Defendants failed to inform Plaintiffs and the Class of the Data Breach in a timely and accurate manner;

- whether Defendants wrongfully waited to inform Plaintiffs and Class members that their sensitive Personal Information was exposed in the Data Breach;

- whether Defendants continue to breach duties to Plaintiffs and Class members;

- whether Defendants have sufficiently addressed, remedied, or protected Plaintiffs and Class members following the Data Breach and have taken adequate preventive and precautionary measures to ensure Plaintiffs and Class members will not experience further harm;

- whether Plaintiffs and members of the Class suffered injury as a proximate result of Defendants' conduct or failure to act; and

- whether Plaintiffs and the Class are entitled to recover damages, equitable relief, and other relief, and the extent of the remedies that should be afforded to Plaintiffs and the Class.

38.    Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

39.     Given that Defendants have engaged in a common course of conduct as to Plaintiffs and the Class, similar or identical injuries and common law and statutory violations are involved, and common questions far outweigh any potential individual questions.

40.     The Class is defined in terms of objective characteristics and common transactional facts; namely, the exposure of sensitive Personal Information to cyber criminals due to Defendants' failure to protect this information and adequately warn the Class that it was breached. Class membership will be readily ascertainable from Defendants' business records.

41.     Plaintiffs reserve the right to revise the above Class definition based on facts adduced in discovery.

**COUNT I**
**Negligence**
**(Against both Defendants and on Behalf of Plaintiff and the Class)**

42.     Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

43.     Coupang obtained sensitive Personal Information from Plaintiff and Class members in its provision of online retail transactions.

44.     Defendants owed a duty to Plaintiff and the Class to maintain confidentiality and to exercise reasonable care in safeguarding and protecting their Personal Information in Coupang's possession from being compromised by unauthorized persons. This duty included, among other things, designing, maintaining, and testing Coupang's security systems to ensure that Plaintiff's and Class members' Personal Information was adequately protected both in the process of collection and after collection.

45.     Defendants further owed a duty to Plaintiff and Class members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts.

46.    Defendants owed a duty to Plaintiff and Class members to provide security consistent with industry standards and requirements and to ensure that its computer systems and networks— and the personnel responsible for them—adequately protected the Personal Information of Plaintiff and Class members whose confidential data Coupang obtained and maintained.

47.    Coupang holds itself out as meeting the highest standards of privacy and safety of consumers' personal information, and thus knew, or should have known, of the risks inherent in collecting and storing the Personal Information of Plaintiff and Class members and of the critical importance of providing adequate security for that information.

48.    Defendants' actions and omissions created a foreseeable risk of harm to Plaintiff and members of the Class. These actions and omissions included but are not limited to Defendants' failure to take the steps and opportunities to prevent and stop the Data Breach as described above. Defendants' conduct also included its decisions not to comply with industry standards for the safekeeping and maintenance of Plaintiff's and Class members' Personal Information.

49.    Defendants knew or should have known that Coupang had inadequate computer systems and data security practices to safeguard such information, and Defendants knew or should have known that their inadequate security practices exposed Coupang's customers to individuals who would attempt to access the Personal Information in computer systems such as Coupang's.

50.    Defendants breached the duties each owed to Plaintiff and members of the Class by failing to exercise reasonable care and implement adequate security systems, protocols, and practices sufficient to protect the Personal Information of Plaintiff and members of the Class, as identified above. This Data Breach was a proximate cause of injuries and damages suffered by Plaintiff and Class members.

51.     As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members have suffered harm to their personal property by way of their sensitive Personal Information—including but not limited to, their payment cards, credit profiles, credit card balances, and bank accounts—being altered, depleted, reduced, compromised and/or accessible by unauthorized users. As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members have also suffered the loss of time and money resolving fraudulent charges; loss of time and money obtaining protections against future identity theft; financial losses related to the purchases made on Coupang's website that Plaintiff and Class members would not have made had they known of Coupang's careless approach to cyber security; lost control over the value of personal information; unreimbursed losses relating to fraudulent charges; losses relating to exceeding credit and debit card limits and balances; harm resulting from damaged credit scores and information; and other harm resulting from the unauthorized use or threat of unauthorized use of exfiltrated Personal Information, entitling them to damages in an amount to be proven at trial.

**COUNT II**
**Negligence *Per Se***
**(Against both Defendants and on Behalf of Plaintiff and the Class)**

52.     Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

53.     In accordance with Section 5 of the FTC Act, 15 U.S.C. § 45 (among other state consumer data privacy laws), Coupang had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and Class members' Personal Information.

54.     Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Coupang, of failing to use reasonable measures to protect Personal Information. The FTC publications and orders described above also form part of the basis of Coupang's duty.

55.     Coupang violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Personal Information and not complying with applicable industry standards as described in detail herein. Coupang's conduct was particularly unreasonable given the nature and amount of Personal Information it collected and stored and the foreseeable consequences of a breach, including, specifically, the immense damages that would result to consumers.

56.     The harm that has occurred is the type of harm the FTC Act (and similar state statutes) is intended to guard against. Indeed, the FTC has pursued numerous enforcement actions against businesses that, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

57.     Coupang had a duty to Plaintiff and Class members to implement and maintain reasonable security procedures and practices to safeguard Plaintiff's and Class members' Personal Information.

58.     Coupang breached its duties to Plaintiff and Class members under the FTC Act (and similar state statutes), by failing to provide fair, reasonable, or adequate data security practices to safeguard Plaintiff's and Class members' Personal Information.

59.     Coupang's violation of Section 5 of the FTC Act (and similar state statutes) and its failure to comply with applicable laws and regulations constitute negligence *per se*.

60.     But for Coupang's wrongful and negligent breach of its duties owed to Plaintiff and Class members, Plaintiff and Class members would not have been injured.

61.     The injury and harm suffered by Plaintiff and Class members was the reasonably foreseeable result of Coupang's breach of its duties. Coupang knew or should have known it was

failing to meet its duties and that a breach would cause Plaintiff and Class members to suffer the foreseeable harm associated with the exposure of their sensitive Personal Information.

62.    Defendant Kim is personally liable for Coupang's violations as he participated directly in the wrongful acts and had authority to control the acts and practices that led to the Data Breach.

63.    As a direct and proximate result of Defendants' negligence *per se*, Plaintiff and Class Members have suffered harm to their personal property by way of their sensitive Personal Information being altered, depleted, reduced, compromised and/or accessible by unauthorized users. As a direct and proximate result of Defendants' negligence *per se*, Plaintiff and Class Members have also suffered the loss of time and money resolving fraudulent charges; loss of time and money obtaining protections against future identity theft; financial losses related to the purchases made on Coupang's website that Plaintiff and Class members would not have made had they known of Coupang's careless approach to cyber security; lost control over the value of Personal Information; unreimbursed losses relating to fraudulent charges; losses relating to exceeding credit and debit card limits and balances; harm resulting from damaged credit scores and information; and other harm resulting from the unauthorized use or threat of unauthorized use of exfiltrated Personal Information, entitling them to damages in an amount to be proven at trial.

## COUNT III
### Breach of Implied Contract
**(Against both Defendants and on Behalf of Plaintiff and the Class)**

64.    Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

65.    Plaintiff and Class members whose Personal Information was obtained by Coupang in connection with their provision of online retail and payment services have valid, binding, and enforceable implied contracts with Coupang.

15

66.     Specifically, Plaintiff and Class members agreed to the release of their sensitive Personal Information to Coupang to be used in connection with its provision of online retail and payment services. In exchange, Coupang agreed, among other things: (1) to provide online retail and payment services to Plaintiff and Class members; (2) to take reasonable measures to protect the security and confidentiality of Plaintiff's and Class members' Personal Information; and (3) to protect Plaintiff's and Class members' Personal Information in compliance with federal and state laws and regulations and industry standards.

67.     Protection of Personal Information is a material term of the implied contracts between Plaintiff and Class members, on the one hand, and Coupang, on the other hand. Plaintiff and Class members consented—implicitly or explicitly—to the release of their sensitive Personal Information to Coupang. Had Plaintiff and Class members known that Coupang would not adequately protect their Personal Information, they would not have consented to their Personal Information being provided to Coupang.

68.     Coupang did not satisfy its promises and obligations to Plaintiff and Class members under the implied contracts because it did not take reasonable measures to keep Plaintiff's and Class members' Personal Information secure and confidential and did not comply with the applicable laws, regulations, and industry standards.

69.     Coupang materially breached its implied contracts with Plaintiff and Class members by failing to implement adequate data security measures.

70.     Plaintiff and Class members fully performed their obligations under their implied contracts with Coupang.

71.    Coupang's failure to satisfy its obligations led directly to the successful intrusion of Coupang's computer servers and stored Personal Information and led directly to unauthorized parties' access and exfiltration of Plaintiff's and Class members' sensitive Personal Information.

72.    Coupang breached these implied contracts as a result of its failure to implement adequate data security measures.

73.    Furthermore, as a result of Coupang's failure to implement the security measures, Plaintiff and Class members have suffered actual damages resulting from the theft of their Personal Information and remain at imminent risk of suffering additional damages in the future.

74.    Defendant Kim is personally liable for Coupang's breaches as he participated directly in the wrongful acts and had authority to control the acts and practices that led to the Data Breach.

75.    Accordingly, Plaintiff and Class members have been injured as a proximate result of Defendants' breaches of implied contracts and are entitled to damages and/or restitution in an amount to be proven at trial.

## COUNT IV
### Unjust Enrichment
### (Against both Defendants and on Behalf of Plaintiff and the Class)

76.    Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

77.    This claim is plead in the alternative to the above contract claim.

78.    Plaintiff and Class Members conferred a monetary benefit upon Defendants in the form of monies paid for the purchase of products from Coupang's website.

79.    Defendants appreciated or had knowledge of the benefits conferred upon it by Plaintiff and Class Members. Defendants also benefited from the receipt of Plaintiff's and Class

members' payment card information and personal data, which was utilized by Coupang to facilitate payment to itself.

80.    The monies for products that Plaintiff and Class Members paid to Coupang, were supposed to be used by Coupang, in part, to pay for the administrative costs of reasonable data privacy and security practices and procedures.

81.    As a result of Defendants' conduct, Plaintiff and Class Members suffered actual damages in an amount equal to the difference in value between products and services offered with the reasonable data privacy and security practices and procedures that Plaintiff and Class Members paid for and the inadequate products and services without reasonable data privacy and security practices and procedures they received.

82.    Under principals of equity and public policy, Defendants should not be permitted to retain the money belonging to Plaintiff and Class Members because Defendants failed to implement (or adequately implement) the data privacy and security practices and procedures that Plaintiff and Class Members paid for and that were otherwise mandated by federal, state, and local laws, as well as industry standards and public policy.

83.    Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by them as a result of the actions, omissions, and data breach alleged herein.

## COUNT V
### Violation of N.Y. General Business Law § 349(a)
### (Against both Defendants and on Behalf of Plaintiff and the Class)

84.    Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

85.    N.Y. Gen. Bus. Law § 349(a) provides, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

86.    Defendants' actions and omissions as set forth above occurred in the conduct of business, trade or commerce.

87.    By reason of the conduct alleged herein, and by failing to provide reasonable security measures for the protection of the Personal Information of Plaintiff and the Class, Defendants violated the above stated provision of N.Y. Gen. Bus. Law § 349(a).

88.    The acts and conduct of Defendants as alleged above violated N.Y. Gen. Bus. Law § 349(a) by, among other things:

- failing to maintain sufficient security to keep confidential and sensitive financial information of Plaintiff and the Class from being hacked and exfiltrated;

- misrepresenting material facts to Plaintiff and the Class, in connection with the sale of goods and providing online purchases services, by representing that Coupang would maintain adequate data privacy and security practices and procedures to safeguard Plaintiff's and Class members' Personal Information from unauthorized disclosure, release, data breaches, and exfiltration;

- misrepresenting material facts to Plaintiff and the Class, in connection with the sale of goods and providing online purchases services, by representing that Coupang did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiff's and Class members' personal information; and

- failing to prevent the Data Breach and promptly notify consumers thereof, and failing to maintain the privacy and security of Plaintiff's and Class members' personal information, in violation of duties imposed by and public policies reflected in applicable federal and state laws

89.    Due to the Data Breach, Plaintiff and the Class have lost property in the form of their Personal Information and have suffered actual damages. Further, Defendants' failure to adopt reasonable practices in protecting and safeguarding the confidential and sensitive financial

information of its customers has resulted in Plaintiff and the Class spending time and money to protect against identity theft. Plaintiff and the Class are now at a higher risk of identity theft crimes. This harm sufficiently outweighs any justifications or motives for Coupang's practice of collecting and storing confidential and sensitive financial information without the appropriate and reasonable safeguards to protect such information.

90.    As a result of Defendants' practices, Plaintiff and the Class have suffered injury-in-fact and have lost money or property. As a result of Defendants' failure to adopt, implement, and maintain reasonable security procedures, and the resulting Data Breach, Plaintiff and members of the Class have incurred costs and spent time associated with monitoring and repairing their credit and issues of identity theft.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and the Class, respectfully request that the Court grant the following relief:

A.    Certify this case as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3), and, pursuant to FED.R.CIV. P. 23(g), appoint Plaintiffs as Class representatives and their counsel as Class counsel.

B.    Award Plaintiffs and the Class appropriate monetary relief, including actual damages, restitution, and disgorgement, in an amount in excess of $5 million, exclusive of interest and costs.

C.    Award Plaintiffs and the Class equitable, injunctive and declaratory relief as may be appropriate. Plaintiffs, on behalf of the Class, seek appropriate injunctive relief designed to ensure against the recurrence of a data breach by adopting and implementing best security data practices to safeguard customers' financial and personal information, extend credit monitoring

services and similar services to protect against all types of identity theft, especially including card theft and fraudulent card charges, and to provide elevated credit monitoring services to minor and elderly Class members who are more susceptible to fraud and identity theft.

      D.    Award Plaintiffs and the Class pre-judgment and post-judgment interest to the maximum extent allowable.

      E.    Award Plaintiffs and the Class reasonable attorneys' fees and costs as allowable.

      F.    Award Plaintiffs and the Class such other favorable relief as allowable under law or at equity.

Dated:  New York, New York
        February 6, 2026

                  Respectfully submitted,

                  /s/ James Meaney
                  /s/ Tal Hirshberg
                  James Meaney
                  (EDNY No.: JM5183)
                  Tal Hirshberg
                  (EDNY No.: TH9225)
                  SJKP, LLP
                  76G, 1 World Trade Center
                  285 Fulton St, New York
                  New York, 10007
                  855-529-7557
                  james.meaney@sjkplaw.com
                  tal.hirshberg@sjkplaw.com
                  *Counsel for Plaintiff and the Putative Class*